Towns'et ux. *v.* Boarman.

## J. M. Towns et ux. *vs.* J. M. Boarman.

The attachment for rent in arrear, sued out under the statute, (Hutch. Code, 608, § 1,) is not the commencement of a suit. It is simply a mandate, in the nature of an execution for a money demand, which is intended to be executed without the intervention of the court, unless the debt or demand itself be disputed by the tenant.

Where the tenant disputes the claim of his landlord, he may, upon giving a proper bond, sue out a writ of replevin, and regain the possession of the property distrained ; by which the attachment is discharged, and the proceeding becomes an action of replevin, in which the legality of the distress is made to depend upon the question, whether any rent is due or not.

In such a case, it is the duty of the party suing out the writ, who complains of the wrongful taking of his goods and chattels, to file, in the circuit court, the proper declaration in the action of replevin ; and if the declaration be adjudged insufficient upon demurrer, and the plaintiff do not amend, or apply for leave to do so, it is not error for the court to render a judgment against the plaintiff for double the amount of rent in arrear, to be ascertained by a jury of inquiry.

Upon the submission to the jury of the question, how much rent was due, the plaintiff has an opportunity of contesting the very point which would have been put in issue if the pleadings had been regularly made up.

In error from the circuit court of Hinds county ; Hon. George Coalter, judge.

This is an action of replevin brought by Towns et al. against Boarman, for certain goods and chattels which had been attached for rent, at the suit of Boarman. The plaintiffs, on petition, sued out a regular writ of replevin from the Hinds county circuit court, and upon the plaintiffs' giving bond, the property attached was restored to them. At the return term of the writ of replevin, Charlotte Towns, one of the plaintiffs in replevin, pleaded that she was a married woman, and prayed judgment that the attachment for rent be quashed; and at the November term thereafter, the plaintiffs in replevin filed their declaration in replevin, stating their cause of action. To this declaration Boarman demurred generally ; and at the

Towns et ux. *v.* Boarman.

May term, 1847, the court struck out the plea of Charlotte Towns, sustained the demurrer to plaintiffs' declaration, and rendered judgment for Boarman, for double the amount of the rent claimed in the attachment.    From this judgment the plaintiffs prayed a writ of error to this court.

*Hawkins & Johnston,* for plaintiff in error,
    Cited Hutch. Code, 562, § 59 ; *Parkhurst* v. *Dunlap,* 6 How. 577 ; *Terrell* v. *Ligon,* Walk. R. 170 ; 1 Rob. Prac. 420.

*D. Shelton,* for defendant in error,
    Cited 2 Chit. Plead. 842 ; 3 Ib. 1044, 1045 ; Hutch. Code, 811, § 16 ; How. & Hutch. 562, § 69 ; 6 How. 281 – 284 ; 4 T. R. 226, 227 ; 6 Com. Dig. 186 ; Hutch. Code, 875, § 65, 66 ; Ib. 811, § 15.

Mr. Chief Justice SMITH delivered the opinion of the court.
    The attachment for rent in arrear and unpaid, which may be sued out by a lessor against his tenant, under the provisions of the act for the better securing the payment of rent, &c., (Hutch. Code, 808, § 1,) is not the commencement of a suit, which it is designed should be tried in any of the courts of the state.    The writ of attachment is simply a mandate directed to the sheriff, which any justice of the peace, upon a proper showing, is authorized to award, by which he is required to distrain the goods and chattels of the tenant, or so much thereof, as may be sufficient to satisfy the rent then due and in arrear; and to dispose of the same upon the conditions prescribed by the statute.    The process in these cases is in the nature of an execution, issued upon a judgment for the recovery of a moneyed demand, and is intended to be executed as it respects the tenant without the intervention of the court, unless the debt or demand itself is disputed by the tenant.    When such is the case, the party whose goods have been distrained, may, upon giving bond properly conditioned, sue out a writ of replevin, and regain the possession.    When these steps have been taken, the attachment is discharged and the proceeding becomes an action of replevin, in which the

legality of the distress is made to depend upon the question whether there is any rent due or not.

The writ in such cases is made returnable to the next preceeding term of the circuit court, and it is made its duty to " cause an issue to be made up therein."

It is evident that some form of pleading is necessary to present the proper issue.  But neither the mode in which the issue is to be made up, nor the party by whom it is to be tendered, is designated in the statute.  Hence we infer this direction was designed simply to expedite the trial of these cases, and not to alter the well established forms of pleading in the action of replevin.

Upon this construction of the statute, it is the duty of the party suing out the writ, and who of course complains of the wrongful taking of his goods and chattels, to file the proper declaration in the action of replevin.

In the case at bar, the plaintiffs in error, at the return term of the writ, filed their declaration; to which the defendant demurred.  The demurrer was sustained; and the plaintiffs neglecting to amend their declaration, or to apply for leave to do so, judgment was rendered against the plaintiffs for double the amount of the rent in arrear and unpaid, at the time of suing out the attachment, to be ascertained by a jury of inquiry.

To these proceedings it is objected; first, That the court erred in sustaining the demurrer; and second, That the court erred in rendering judgment for the defendant.

As to the first objection.  It is not contested that the declaration, as a declaration in replevin, was insufficient and improper; but that it was the intention of the legislature that the forms of pleading and practice, in the action of replevin, should not be observed in such cases.  What we have above said, is sufficient to show that in this respect there was no error.

The second objection is not altogether free from difficulty. In this proceeding the real subject of inquiry was, whether any rent was due by the plaintiffs in the writ.  Upon the trial, if any was found to be due, the defendant was entitled to his judg-

ment for double the amount. But if upon the determination of the demurrer, the defendant was not entitled to a judgment for the rent due, it was in the power of the plaintiffs, by remaining passive, to have defeated the declared objects of the law; the goods and chattels taken in distress having been delivered and the attachment discharged. On the other hand, the question of how much rent was due was submitted to the jury. The plaintiffs there had an opportunity of contesting the very point, which would have been put in issue if the pleadings had been regularly made up.

Upon the whole, we see no sufficient reason for disturbing the judgment.

Let the judgment be affirmed.