## R. W. MAXEY *v.* E. E. WHITE.

1. ATTACHMENT FOR RENT. *Replevin. Practice. Dismissal of replevin.*
   An attachment was sued out, under Rev. Code 1871, § 1622, and levied, and the tenant replevied the property, under § 1630. At the return term the plaintiff in replevin moved the court to dismiss her suit: *Held*, that it was the right of the plaintiff in replevin to dismiss her suit without leave of court, and it was not error in the court to permit her to do so.

2. SAME. *Replevin. Tenant's remedy.*
   The remedy of the tenant desiring to replevy goods distrained for rent is to give bond, as prescribed by § 1630 of the Code, amended in Acts 1872, 34, and obtain the writ of replevin, commanding a restoration of the goods to the plaintiff.

3. SAME. *Replevin. Practice. Rule of pleading.*
   Where a tenant, under § 1630 of the Code, has replevied goods distrained for rent, he should, at or before the return term, declare against the plaintiff in the attachment for the goods distrained and replevied; and the landlord should answer this declaration by an avowry, in which his right to seize the goods distrained is asserted; and this in turn should be answered by the plaintiff in the writ of replevin; and so on, until the mutual altercations of the parties to the suit result in an issue.

4. REPLEVIN. *Writ against sheriff.*
   Where a sheriff is in possession of property distrained for rent, and the tenant wishes to replevy it, the writ should be against the sheriff, and not against the plaintiff in attachment.

5. ATTACHMENT FOR RENT. *Replevin. Plea.*
   The writ provided in § 1630 of the Code, to replevy goods distrained for rent, is not the writ provided in the general action of replevin, and "not guilty" is not a proper plea to it.

ERROR to the Circuit Court of Lauderdale County.

Hon. R. LEACHMAN, Judge.

R. W. Maxey, the plaintiff in error, instituted a proceeding

by attachment for rent against E. E. White, the defendant in error, under § 1622 of the Rev. Code of 1871. The defendant replevied the attached goods under § 1630 of the Code of 1871, which provides as follows : —

" The tenant or defendant, his executors or administrators, may replevy the goods and chattels distrained for rent at any time before sale thereof; but, before any writ of replevin shall be granted in such case, he shall enter into bond, to be approved by the clerk granting the same, with one or more sufficient sureties, payable to the party in whose name or right such distress was made, in a penalty of double the amount of rent distrained for, conditioned to perform and satisfy the judgment of the court in such suit, in case he shall be cast therein."

It is provided by § 1632 of the same chapter of the Code, that, —

" For the more speedy determination of all such writs of replevin, every such writ shall be returnable to the next term of the court after the same shall be issued ; and the court shall, at the return term, cause an issue to be made up therein, and the same shall be tried at the same term. If the plaintiff in such writ shall make default, or fail to prosecute the same, like judgment shall be entered against him and the sureties on his bond, as upon an issue found against him, and no new replevin or writ of second deliverance shall be allowed therein."

The other facts of the case are fully set forth in the opinion of the court.

*W. G. Grace* and *S. A. D. Steele*, for the plaintiff in error.

1. It was error to dismiss the replevin suit at the request of the plaintiff in that suit. It was not a case in the control of the plaintiff. It was a branch of the original proceeding, by which the distress was sought to be impeached. By the writ the plaintiff had gained possession of property in which the defendant had substantial rights, on which the attachment was a lien. It will not do to say that the defendant, when property is attached, can thus get the possession of the property, and then dismiss, to the prejudice of the attaching creditor. The sheriff's return shows that the property was restored ; and such return

can only be impeached in a direct proceeding. A mere suggestion that it is false is not sufficient.

2. Under our practice, the avowry for rent is in answer to the declaration in replevin. In this proceeding, the plaintiff in replevin must file a declaration, and the pleadings are as in other cases of replevin. *Towns* v. *Boarman*, 23 Miss. 186.

3. If the motion to dismiss was proper, the judgment should have been against the plaintiff and sureties, for return of the cotton, or its alternate value. And this court, proceeding to render the judgment here that the court below should have rendered, will enter judgment for the return of the cotton, or its alternate value, as assessed by the sheriff, which is made the *prima facie* value by the Code, or will award a writ of inquiry in the court below to ascertain the value.

*J. W. Fewell*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

Maxey sued out an attachment for rent against E. E. White and H. White, which was levied on three bales of cotton, and about one thousand pounds of seed cotton in the patch, on the 15th of November, 1873. On the 17th of November, 1873, a bond was executed by E. E. White, with sureties, as prescribed by law for a tenant to replevy property distrained for rent; and a writ of replevin was issued by the circuit clerk, directed to the sheriff who had levied said attachment for rent, commanding him " to restore the said three bales of cotton to the possession of the said E. E. White," and to summon Maxey to appear at the next term of the Circuit Court of Lauderdale County on the third Monday in May, 1874, to answer said action of replevin. Upon this writ, the sheriff returned that he had restored to the possession of H. C. White, agent of E. E. White, said cotton, as directed by the writ, the 17th of November, 1873. On the 30th of November, 1874, E. E. White moved the Circuit Court aforesaid for leave to dismiss her action of replevin, because the property described in said writ of replevin had not been restored to her, and the return of the sheriff was false, as he still held the cotton, and because said writ was not against Maxey, but the sheriff, and no issue had been made up to try whether any rent was due Maxey, and no

answer or avowry had been filed setting up any demand for rent. This motion was sustained against the objection of Maxey, and he has prosecuted a writ of error to reverse said judgment.

It was the right of the plaintiff in replevin to dismiss her suit, without leave of court; and, of course, it was not error for the court to permit her to do what she could do without permission. The failure of the plaintiff in the writ of replevin to prosecute the same entitled Maxey to judgment against the obligors in the replevin bond, as upon an issue found against the principal. Code, § 1632. It seems surprising that Maxey objected to a dismissal of the writ of replevin, which was the only obstacle to the enforcement of his attachment for rent. The remedy of the tenant desiring to replevy the goods distrained for rent is to give bond, as prescribed by § 1630 of the Code, amended in 1872, Acts, 34, and obtain the writ of replevin, commanding a restoration of the goods to the plaintiff in the writ. At the return term, or before, the tenant, having replevied the goods, as aforesaid, should declare against the plaintiff in the attachment for the goods distrained and replevied; and the landlord should answer this declaration by an avowry, in which his right to seize the goods distrained is asserted; and this, in turn, should be answered by the plaintiff in the writ of replevin; and so on, until the mutual altercations of the parties to this suit result in an issue. The plaintiff in such writ of replevin becomes an actor, and must follow up his suit. By his writ he arrests the officer distraining goods from obeying the mandate of the attachment and the statute requiring the officer to give notice and sell the goods to make the money due the plaintiff in attachment; and he must assert his right in court to the goods distrained under the attachment, and restored to him by virtue of his writ of replevin, and thus tender an issue to the landlord, who must meet the issue, and show by what right he attached the goods. It is only in this way that the attachment for rent can be brought before the court; for it is not mesne process returnable to a court, but in the nature of final process, commanding the officer to seize and sell goods of the tenant, to pay the plaintiff's demand for rent, unless bond for the payment of rent shall be given. Code, § 1621; *Towns* v. *Boarman*,

23 Miss. 186. The statute, § 1632 of Code, speaks of the tenant who replevies as plaintiff in such writ, and declares, if he shall make default, or fail to prosecute his writ, judgment shall be entered against him and the sureties on his bond, as upon an issue found against him. It is not necessary to consider the particular grounds of the motion of the tenant to dismiss her writ of replevin, as she had the right to dismiss, if she pleased. But, for the better understanding of such matters in future, we remark that, if the return of the sheriff that he had restored the cotton to the plaintiff in the writ was false, she had her remedy ; and, if it was true, a judgment on her bond, as provided by statute, upon her failure to prosecute her writ, would have been but just to the landlord. As to the ground stated in the motion, that the writ was not against Maxey, but the sheriff, as we have stated, that was correct. The object of the writ is restoration of the property distrained ; and it is properly a command to the officer having the goods in custody to restore them to the plaintiff in the writ. That no issue had been made up, seems, from the record, to have been the fault of the plaintiff in the writ of replevin ; and there was no avowry or answer demanding rent, because there was no declaration in replevin for the goods which had been distrained. Finally, the writ of replevin in such cases is not the writ provided for in the general action of replevin, and not guilty is not a proper plea to it. The writ is the special one provided by § 1630 of the Code, and to be proceeded with, as hereinbefore indicated.

We have been thus particular, because of a misunderstanding by some of the legal profession of the subject under consideration.

*The judgment dismissing the writ of replevin is affirmed.*