SILAS F. KENDRICK *v.* SAMUEL G. WATKINS.

1. ATTACHMENT FOR RENT. *Replevin by third person. Practice.*
   Where chattels personal have been seized under an attachment for rent, the only remedy for one who claims title thereto is the replevin provided by § 1631 Code 1871, whether the property distrained was found by the officer in or upon the leased premises or not. It is erroneous, in such cases, to bring against the sheriff the ordinary action of replevin provided by Code 1871, c. 16. *Maxey* v. *White*, 53 Miss. 80, cited.

2. SAME. *Plea in abatement. Issue.*
   Where, to a writ of replevin sued out under Code 1871, c. 16, against a sheriff, he pleads in abatement that he held the property by virtue of a levy made under an attachment for rent, and that therefore the writ is not maintainable because not sued out in accordance with the requirements of the statute governing this class of attachments, if the plaintiff takes issue on the plea, the only question presented is whether the sheriff held the property under an attachment for rent.

3. JUDGMENT ON PLEA IN ABATEMENT. *Demurrer sustained.*
   When a demurrer to a plea in abatement is sustained, the judgment is *respondeat ouster*, and the defendant may then plead to the merits.

4. SAME. *Issue of fact found for plaintiff.*
   If the plaintiff takes issue on a plea in abatement, and it is found in his favor, the judgment is *quod recuperet*.

5. SAME. *Plea sustained.*
   Where a plea in abatement is sustained, either on a question of law or fact, the judgment is that the writ be quashed and the suit abate.

6. SAME. *Additional order, where writ in replevin is quashed.*
   If, in a replevin suit, the plaintiff has given bond and obtained the property, and the writ be quashed and the suit abate, judgment should be entered for the return of the property, and a writ of inquiry awarded to ascertain its value and assess the damages, as provided in case of nonsuit by § 1534 Code 1871.

ERROR to the Circuit Court of Monroe County.

Hon. B. B. BOONE, Judge.

*Sale & Dowd*, for the plaintiff in error.

*Nugent & McWillie*, on the same side, contended that the decision must be for the plaintiff in attachment or sheriff, and

against the plaintiff in replevin on the plea in abatement. Code 1871, c. 16, and § 1631; *Maxey* v. *White*, 53 Miss. 80.

*Houston & Reynolds*, for the defendant in error.

1. Where the goods or chattels are found in or upon the demised premises, and are claimed by a third person, he must pursue the special remedy prescribed by § 1631 Code 1871; but if the goods are not found in or upon the demised premises, his remedy for the recovery of possession is by the ordinary writ of replevin. The counsel argued this proposition at length, citing in his argument Taylor's Landlord and Tenant, §§ 576, 583, 597; 44 Miss. 621; 43 Miss. 470; 25 Miss. 112; 26 Miss. 243; 3 J. J. Marsh. 121; 20 Johns. 465; *Bradley* v. *Piggot*, Walker, 348; *Prewett* v. *Dobbs*, 13 S. & M. 442; *Marye* v. *Dyche*, 42 Miss. 347.

2. The mule claimed had never been on the demised premises, and so was not liable to be distrained.

3. If the plea in abatement be sustained, the proper judgment is that the writ be quashed. There can be no judgment for a return of the property. *Hartgraves* v. *Duval*, 1 Engl. (Ark.) 506.

CHALMERS, J., delivered the opinion of the court.

This case presents another instance of the practice, which seems to be so common, and which we took occasion to condemn in the case of *Maxey* v. *White*, 53 Miss. 80, of bringing the ordinary action of replevin to assert a right to property which has been seized under an attachment for rent. It is surprising that this erroneous practice should be so frequent, in view of the plain language of the statute, which declares that no person claiming title to property distrained for rent shall in any manner assert a claim thereto, except in the peculiar mode pointed out by § 1631 Code 1871.

It is earnestly contended by counsel for the plaintiff below (defendant in error) that these provisions only apply to cases where the property distrained was found by the officer in or upon the leased premises. This theory is based upon the argument that the prohibition against any other than the procedure specified by the statute follows the declaration that "no goods or chattels found or being in or upon any demised

premises, and not belonging to the tenant, . . . shall be liable to be distrained for the said rent ; " and that it is only " such property," *to wit*, that which is so found, that third persons are required to claim in the prescribed method. This is wholly untenable. The first clause of the section is merely intended to abrogate the common-law rule, which rendered the goods of strangers liable to the rent, if found upon the demised premises. The rest of the section provides the mode by which any claim to distrained property must be asserted, and prohibits any other mode.

In the case·at bar, the claimant of the property, disregarding this prohibition, brought the ordinary replevin suit against the sheriff, and obtained possession of the property by delivering the bond required in such actions. Code 1871, c. 16. The sheriff pleaded in abatement that he held the property by virtue of a levy under an attachment for rent, and that therefore the plaintiff's writ was not maintainable, because not sued out in accordance with the requirements of the statutes governing this class of attachments. After some pleadings, unnecessary to mention, the plaintiff took issue in short by consent on this plea. But one question could be properly presented to the jury under such an issue ; namely, Did the sheriff hold the property under an attachment for rent ? and yet the whole merits of the attachment, and the liability of the property to seizure, and the comparative rights of the landlord and the claimant, were litigated, under rulings and instructions from the, court, which were utterly erroneous, because foreign to the issue. The jury found the issue for the plaintiff; and judgment was entered, allowing him to retain the property. Had they been properly restricted to the single issue presented, they probably would, and certainly should, have found for the defendant below ; and thereupon the court should have entered judgment that the writ abate.

When a defendant interposes a plea in abatement, the plaintiff must demur or reply. If he demurs, and his demurrer is sustained, judgment of *respondeat ouster* is entered, and the defendant may then plead to the merits. If the plaintiff takes issue on the plea in abatement, and it is found in his favor, he has judgment *quod recuperet*, because the defendant, having pleaded

in abatement an issuable fact which has been found against him, must take the consequences.    But where the plea in abatement is sustained, whether on a question of law or fact, the judgment must always be that the writ be quashed and the suit abate, because it has been improperly brought.   1 Tidd's Pract. 640–642.

In the case at bar, a simple entry abating the writ would leave the property in the hands of the plaintiff, who has improperly obtained it.    There should be judgment entered, therefore, for the return of the property, and a writ of inquiry awarded to ascertain its value and assess the damages, as in case of nonsuit, as provided by § 1534 of the chapter in relation to replevin.

It is insisted that the mule claimed was clearly not liable to be distrained, because it had never been on the demised premises.   Neither this nor any other question involving the rightfulness of the distress can be noticed, because the plaintiff has not pursued the only method in which he is allowed to litigate these questions.

<em>Judgment reversed and cause remanded.</em>