JAMES A. DOGAN, SHERIFF, v. T. J. N. BLOODWORTH.

1. AGRICULTURAL LIEN-LAW. *Writ of seizure. Replevin for property seized.*
   Property seized and held by an officer, under a writ of seizure sued out by a land-
   lord under the Agricultural Lien-Law of 1876, cannot be taken out of his posses-
   sion by a writ of replevin sued out at the instance of a stranger to the lien suit.

2. SAME. *Writ of seizure. Defective, not void.*
   A writ of seizure under the Agricultural Lien-Law of 1876, which commands the
   seizure of the agricultural product, but names no defendant and contains no per-
   sonal summons, is not void, and the officer who has seized property thereunder
   can hold it.

3. SPECIAL BILL OF EXCEPTIONS. *Contents.*
   Where a case comes up on a special bill of exceptions, all the evidence need not
   be embodied therein, but only enough to show the error committed.

ERROR to the Circuit Court of Tallahatchie County.

Hon. SAMUEL POWELL, Judge.

The case is stated in the opinion of the court.

*W. S. Eskridge*, for the plaintiff in error.

1. The defect in the writ of seizure, of want of personal
summons, did not render it void; but the officer having,
as commanded, seized the cotton and other products, could
hold them thereunder. The appearance of the defendant cured
the want of personal service. *Phillips* v. *Hines*, 4 Geo. 163;
*Richards* v. *Mooney*, 10 Geo. 357; *Lester* v. *Watkins*, 41 Miss.
647; *Fisher* v. *Battaile*, 2 Geo. 471; *Younger* v. *Rankin*, 4
How. 27; *Stevens* v. *Riche*, 1 How. 523; *Henderson* v. *Hamer*,
5 How. 525; *Barrow* v. *Burbridge*, 41 Miss. 622; *Lough-
bridge* v. *Rowland*, 52 Miss. 546; *Spratley* v. *Kitchens* (MS.
opinion).

2. After the sheriff had seized the products, replevin would
not lie against him. The plaintiff in replevin should have
become a party to the lien suit. Acts 1876, p. 113, sect. 10.

*Fitzgerald & Marshall*, for the defendant in error.

1. The writ of seizure is fatally defective, void; and that
the sheriff held the property thereunder was no answer to
the writ of replevin. Acts 1876, p. 109.

2. The fact that the plaintiff in replevin could be made a

party to the writ of seizure suit, and therein assert his rights, does not preclude him from resorting to the writ of replevin. Geo. Dig. 656.

3. Even if the papers offered to be read had been admitted, it would not have changed the result; for it does not appear that any evidence was offered to prove that a debt was really due the landlord.

CHALMERS, J., delivered the opinion of the court.

Richardson & Co., landlords of W. L. Coopwood, sued out a writ of seizure, under the act of 1876, for the purpose of asserting the lien given by said act in favor of the landlord as to the crop grown on the demised premises. The writ was defective in failing to contain a personal summons for the tenant.

By virtue of it the sheriff, Dogan, seized a lot of cotton grown on the leased premises; and having indorsed the levy upon the writ, returned it to the Circuit Court of the county. Thereupon, appellee, Bloodworth, claiming to be the owner of the cotton seized, sued out before a justice of the peace a writ of replevin against the sheriff; and, having given bond, obtained possession.

Upon the trial in the justice's court, there was judgment for the sheriff; which was, on appeal to the Circuit Court, reversed. To this judgment of the Circuit Court, Sheriff Dogan sues out a writ of error, assigning for error the action of the court below in the exclusion of evidence.

For the purpose of justifying his detention of the property, the sheriff offered in evidence the papers in the seizure suit of *Richardson & Co.* v. *Coopwood*, consisting of the affidavit and writ of seizure, with the indorsements thereon; all of which were by the court rejected, upon the ground that said writ was an absolute nullity, and afforded no protection to the officer, who must hence be regarded as a mere trespasser.

The writ was, with some trifling inaccuracies, perfect as a command to seize the cotton, but named no defendant, except

by the averment that Richardson & Co. had "made oath, according to law, that W. L. Coopwood is indebted to them," etc.

It contained no words of summons to any one. Was it, therefore, a nullity?

Sect. 712 of the Code of 1871 provides, that no process shall be held void because of the omission of any matter required to be inserted in or indorsed upon it, but that such process shall be amendable, and that such amendment may be made upon any motion to quash.

This process, therefore, was not only amendable, but could not have been quashed upon the motion of Coopwood. Moreover, all its defects would have been cured by Coopwood's voluntary appearance; and it is a fact that Coopwood did enter a written waiver of all defects, and an appearance, though this was not done until after the defendant in error had sued out his writ of replevin and obtained possession of the cotton.

Is an officer who has seized property under a writ like this, to be precluded from all defence, and treated as a trespasser? Can a stranger to the process treat it as void, when the parties to it cannot? If Bloodworth's right to the cotton was better than the landlord's, and he could assert it in this manner, he would, of course, prevail in the end; but he cannot cut off all inquiry into the merits of the respective claims, by treating as a nullity that which the law makes good between the parties.

But we are of opinion that Bloodworth could not in this manner assert a claim to the cotton. By the tenth section of the Agricultural Lien-Law it is declared that all persons who have knowledge of the pendency of proceedings for the enforcement of the liens established by the act shall intervene in such proceedings, and then propound any claims which they may have to the property in controversy; and it is enacted, in express terms, that if they fail to do so they shall be bound by the judgments to be rendered. Acts 1876, p. 113. It is not declared in so many words that, during the progress of the proceedings, they shall be precluded from

instituting other actions for the assertion of their rights ; but that, we think, is the necessary implication. When the statute says that " they shall become parties, upon petition by them, and upon order of court to that effect," and, if they do not do so, they shall be bound by the judgment rendered, it seems clear that they cannot stop the proceedings by suing out a writ of replevin in the same or a different tribunal, and thereby carrying off the property in controversy.

The Legislature seems to have realized the evils and complications growing out of the adjudications by this court that strangers claiming title to property which has been attached might take it out of the hands of the officers of the law by actions of replevin, and to have determined that a different rule should prevail in this new class of remedies.

It is suggested in this court that the judgment of the court below should be affirmed because the record does not show that the plaintiff in error either proved or offered to prove that any rent was due by Coopwood to his landlords, which it was necessary for him to do in order to justify the seizure. The case is before us on a special bill of exceptions to the action of the court in excluding evidence, and it was only necessary to embody enough to show the error committed in such exclusion. *Bowers* v. *Ross,* 55 Miss. 213.

Judgment reversed and cause remanded, with instructions to enter judgment for defendant below, with writ of inquiry to ascertain the value of the property, and assess damages, as in case of nonsuit, as provided by sect. 1534. *Kendrick* v. *Watkins,* 54 Miss. 495.