DANIEL E. SOPER v. BENJAMIN W. HAWKINS.

*Replevin—Discontinuance—Assessment of damages.*

56 527
119 324
119 633

Where plaintiff in replevin, after appealing from a justice, discontinues on payment of costs (How. Stat. § 7014), defendant can, on proper notice to plaintiff, waive return and elect to take judgment for value and damages (id. §§ 8346–7), and he may, without any interlocutory judgment, notice the cause in the appellate court for the assessment of damages by a jury (id. § 8348).

Error to Newaygo. (Fuller, J.)    April 16.—April 29.

REPLEVIN.   Defendant brings error.   Reversed.

*Edwards & Barker* for appellant.

*William D. Fuller* for appellee.

SHERWOOD, J.   This case was an action of replevin, the property consisting of two cows.   The plaintiff was assignee of a mortgage given upon the property by Hawkins, who claimed the mortgage was void because not signed by his wife, he being a householder having a family, and the cows being all he had.   The cause was brought in justice's court, when, upon the trial, the defendant had judgment for a return of the property and for costs. From this judgment the plaintiff appealed to the Newaygo circuit, wherein, after the cause had been several times noticed for trial by the defendant, the plaintiff entered an order in the common rule-book discontinuing his case and appeal on payment of costs to be taxed, and served due notice of the order on the defendant. The defendant, on receipt of the order, gave notice to the plaintiff of his election to waive return of the property, and that he would take judgment for its value, and damages for its detention.

The defendant noticed the cause for assessment at the May term of the circuit court, 1882, and in pursuance of the notice and order a jury was impaneled and sworn to make

the assessment, and thereupon the plaintiff objected to further proceedings "for the following reasons: *First*, the appeal and action of the plaintiff had been discontinued; *second*, no judgment had been rendered adjudicating the defendant's right to recover, hence there was no basis for the assessment asked for." The court sustained the objection; discharged the jury; made order dismissing the appeal, with costs to defendant. Defendant's counsel excepted to the ruling of the court and the making of the orders, and this action of the circuit judge is now before us for review on case made. We are unable to sustain the action of the court.

It was the plaintiff's right to discontinue his case by the entry of the order he did. How. Stat. § 7014, Rule 26. The defendant, upon such discontinuance, could properly make the election he did to waive return of the property and have his damages and value of the property assessed, and the notice he gave the plaintiff was entirely sufficient for that purpose. How. Stat. §§ 8346, 8347; *Forbes v. Washtenaw Circuit Judge* 23 Mich. 498. The notice of the election gave the defendant his right to assessment; and the notice for assessment at a regular term of the court authorized the circuit judge to proceed with the same before a jury if required. How. Stat. § 8348.

The judgment rendered by the circuit court must be set aside, with costs, and the defendant must be allowed to proceed in the case and have his damages for detention, and the value of the property assessed by a jury if desired by either party.

No interlocutory or other judgment was necessary to be entered after entering order for discontinuance and giving notice thereof before assessment. The proceedings on assessment are all before the court in which the judgment or order of discontinuance is entered, and the statute specifically directs the proceedings to be thereafter had. Neither is the fact that the plaintiff is required and has given bonds to pay the damages sustained by defendant by reason of the unlawful taking of his property, any reason why, in case of a discontinuance as in this case, the defendant should be obliged to go back

before the justice to make his damages from the plaintiff and his sureties upon the bonds. The statute was intended to avoid such delay and possible further litigation.

The other Justices concurred.