[No. 566. August 7, 1896.]

## ADOLPH STRAUSS, PLAINTIFF IN ERROR, v. HERBERT H. SMITH, DEFENDANT IN ERROR.

REPLEVIN—JUSTICE'S COURT—APPEAL, DISMISSAL OF.—The plaintiff in an action of replevin, brought before a justice of the peace, can not, on appeal to the district court, by a dismissal of his appeal, deprive the defendant of his right to a trial as to the value of the property replevied and an assessment of damages for its detention; and it would have been error for the court to have granted such application against defendant's objection.

ERROR, from a judgment for defendant for the value of the property replevied and damages for its detention, to the Fourth Judicial District Court, San Miguel County. Affirmed.

The facts are stated in the opinion of the court.

VEEDER & VEEDER for plaintiff in error.

The right of the party appealing to dismiss his appeal and stop all further proceedings in the case at any time before it is submitted to the jury, which would exist independent of statute, is expressly given by the statutes of this territory. Comp. Laws 1884, sec. 1858; Eden Masee Co. v. Yohe, 55 N. W. Rep. (Neb.) 866; Latham's & Deming's Appeals, 9 Wall. 145; Bacon v. Lawrence, 26 Ill. 53; Atkinson v. Gahan, 28 N. E. Rep. 380.

The court erred in failing to distinguish between dismissing the action and dismissing the appeal. Had plaintiff dismissed his action, then the judgment of the justice would have been vacated, and plaintiff would have failed to prosecute his suit to final judgment within the meaning of section 2369. As the case stands there

are two judgments against plaintiff. If the action of the district court be sustained, plaintiff would be compelled to discharge both judgments. Comp. Laws 1884, sec. 2369.

Nothing being conceded by plaintiff, the rights of defendant in this action were a matter of proof, and not having shown that he was the owner of the property or entitled to the possession of the same, there was nothing upon which to base the verdict, and the judgment thereon, and it should have been set aside. Walthers v. Knutzen, 55 N. W. Rep. 1060.

Upon appeal from the judgment of a justice's court, the district court is governed by the same rules, and the jurisdiction of the justice's court is the jurisdiction of the district court. Comp. Laws 1884, sec. 2393; Garland v. Bartels, 2 N. M. 1.

In actions of replevin the value of the property and damages is the debt or sum claimed or amount in controversy. Garland v. Bartels, supra; Cobbey on Replev., sec. 1246; Fisk v. Wallace, 51 Vt. 418.

The court below seemed to have serious doubt as to its jurisdiction, but finally concluded that there were really two actions, one for the property and one for the damages; and accordingly had defendant remit part of the damages awarded. This construction will not stand. Garland v. Bartels, supra.

W. B. BUNKER for defendant in error.

Section 2395, Compiled Laws 1884, evidently contemplates a judgment in the district court against the appellant and his sureties.

"On an appeal from a justice of the peace to the district court the case is tried de novo on its merits in such court, as a court of original jurisdiction." Archibeque v. Miera, 1 N. M. 160.

"If plaintiff dismiss an appeal on his part, it may be considered as an admission that he has no cause of

action, and that the defendant is entitled to the property." Barruel v. Irwin, 2 N. M. 236, 237.

BANTZ, J.—In August, 1891, plaintiff Strauss brought an action in replevin before a justice of the peace to recover the possession of a horse from the defendant Smith; at the trial before the justice the plaintiff was defeated, and appealed to the district court. In May, 1893, the case having been set for trial, Strauss asked to dismiss his appeal, the defendant objected and demanded a trial as to the value of the property taken by the plaintiff under the writ of replevin and for an assessment of damages for its detention; the court called a jury, the defendant produced his proofs, and the court having instructed the jury to find in his favor for the value of the horse, and the value of the use of the horse up to the day of such trial as damages, a verdict was returned fixing the value of the property at $100, and the damages for the detention at $150, and judgment was rendered against the plaintiff and his sureties on the appeal bond accordingly. Afterward the defendant remitted $50 of the damages. The plaintiff moved to vacate this judgment, and then brought this cause here on writ of error.

It is objected that when the plaintiff in open court dismissed the appeal, then under section 1853, Compiled Laws, the court had no discretion to exercise, but was bound to enter an order of dismissal, and was deprived of jurisdiction to hear and adjudge the value of the property or the damages suffered by the defendant by being deprived of the property seized under the writ. The statute under which the action was brought among other things provides (sec. 2395), that if the plaintiff in a replevin suit before a justice of the peace shall discontinue his suit, or suffer a nonsuit, or if he should otherwise fail to prosecute his suit to final judgment, a jury shall be summoned to assess the value of the

REPLEVIN: justice's court: appeal, dismissal of.

goods replevied, and also adequate damages for the detention of the same, and judgment shall be entered therefor in favor of the defendant. There are also provisions allowing an appeal to the district court, and providing that the same rules shall govern in the district court in such cases as are prescribed for the justice courts.

It will be seen that replevin cases present a double aspect. First, as to the right of the plaintiff if successful; and, second, as to the right of the defendant to a judgment against plaintiff for the value of the property and damages if the plaintiff should fail to prosecute his action. It could not be maintained that the dismissal of the case while pending in the justice court would in any wise preclude the defendant from an assessment of the value and damages; for whatever control the plaintiff may have over his own cause of action, he could not deprive the defendant of his right to recover against the plaintiff. When an appeal is taken, the plaintiff continues to retain the property, and if he dismisses his appeal or dismisses his case, then it seems quite apparent that all he does or can dismiss, unless by consent, is simply his own cause of action, and not the defendant's cross-claim. If it were otherwise the plaintiff, by a wrongful use of judicial process, may take defendant's property in advance of a trial of right, then by an appeal from the justice of the peace he may continue to enjoy a valuable use of the property until the case is reached in the district court, and when the case is called for trial, by a dismissal of his appeal he can deprive the defendant of the recovery of any damages against the sureties in the appeal bond. The machinery of justice is not so completely at the mercy of a litigant. A recent text writer, upon this subject, says: "Where property is taken, replevin differs from all other actions in this respect, that both parties are actors, and as the plaintiff had taken the property from

the possession of the defendant, the law will not permit him to dismiss his action out of court over the objection of defendant." And again: "He (the plaintiff) can not dismiss his suit so as to avoid the hearing as to the value or the damages. When such purpose is apparent, it is the duty of the court to retain the case and hear and determine the question as to the damages, and the return of the property." Cobbey, Replevin, sec. 1193. In Broom v. Fox, 2 Yeates (Pa.), 531, it was said: "Regularly, there can be no discontinuance without leave of the court, and. this rule holds with peculiar force in replevins. 1 Leon. 105. There both parties are actors, and yet the avowant can not discontinue. 1 Stra. 112. When goods are delivered to the plaintiff in replevin, the defendant has an evident interest in the suit, being entitled to a writ of retorno habendo, if the issue be found for him." The rule thus arising from the dual nature of replevin proceedings was maintained in numerous cases. Higbee v. McMillen, 18 Kan. 133; Howell v. Foster, 65 Cal. 169; Mikesell v. Chaney, 6 Port. (Ind.) 52; Moore v. Herron, 17 Neb. 697; Marshale v. Bunker, 40 Iowa, 121; Wilkins v. Treynor, 14 Iowa, 393; Altman v. Reams, 9 Neb. 487; Ahlman v. Meyer, 19 Neb. 63; Maxey v. White, 53 Miss. 80. In Boutele v. Warne, 62 Mo. 350, it was held that the replevin statutes were intended to permit a complete adjustment of all the rights of the parties in one action. See Singer Manufacturing Co. v. Senn, 7 Mo. App. 585.

If the plaintiff could not deprive the defendant of this substantial right by a dismissal of his cause, he can not do so by merely dismissing his appeal. In Soper v. Hawkins, 56 Mich. 527, the plaintiff dismissed his appeal against the objection of the defendant, who demanded an assessment of damages, and the supreme court reversed the court below for refusing to assess the damages. The appellant can not, by applying to

the court to dismiss his appeal, relieve his sureties on the appeal bond; and the court could not grant such an application, against the defendant's objection, and thus destroy the security provided by the statute for the benefit of the appellee. There is no error in the record, and the judgment will, therefore, be affirmed.

SMITH, C. J., and LAUGHLIN, COLLIER, and HAMILTON, JJ., concur.