## T. T. BIDDLE *v.* GEORGE C. PAINE.

APPEAL. *Attachment for rent. Amount in controversy. Code* 1892, § 85.

Upon an appeal to the supreme court from a judgment of the circuit court, in favor of a landlord, in an action of replevin by the tenant for property distrained for rent, begun in a justice's court, the amount in controversy is determined by the rent due, as adjudged by the circuit court, and not by the value of the property seized.

FROM the circuit court of Monroe county.

HON. NEWNAN CAYCE, Judge.

Motion by appellee to dismiss the appeal.

Paine sued out an attachment for rent, before a justice of the peace, claiming thirty-three dollars as due him from the tenant,

Biddle. The distress warrant was levied upon two hundred bushels of corn, valued in the aggregate at more than fifty dollars, and eighty bushels of cotton seed. The tenant replevied the corn, and filed his statutory (§ 2522, code 1892) declaration therefor before the justice of the peace who issued the attachment. Paine, the landlord, filed an avowry. A trial was had before the justice of the peace, which resulted in a judgment for the tenant, Biddle. Paine appealed to the circuit court. During the progress of the case in the justice's court, Biddle began, before the same justice of the peace, a proceeding under § 2517, code 1892, for double damages, because of the seizure of the cotton seed, and recovered therein a judgment, against Paine and his sureties on the attachment bond, for seventeen dollars, and from this judgment too an appeal was prosecuted to the circuit court.

A trial was had of the statutory replevin in the circuit court, which resulted in a judgment in favor of Paine, the landlord, fixing the rent due at thirty-three dollars, as stated in the opinion. The record does not affirmatively show what disposition, if any, was made of the suit for double damages for seizing the cotton seed. Biddle, the tenant, appealed to the supreme court, where a motion was made by Paine to dismiss the appeal. It is provided by § 85, code 1892, that appeals may be taken from the circuit court to the supreme court, in cases originating in justice courts, where the amount in controversy exceeds the sum of fifty dollars.

*Gilleylen & Leftwich,* for the motion.

The amount in controversy is but thirty-three dollars. This is the sum for which the writ was sued out, and the judgment of the court is for the same amount. Under repeated construction of § 85, code 1892, which regulates appeals to this court, in cases originating before justices of the peace, there can be no doubt of the fact that the case should be dismissed. *Jackson* v. *Whitfield,* 51 Miss., 202; *Ward* v. *Scott,* 57 Miss., 826; *Davis* v. *Holberg,* 59 Miss., 362; *Kiernan* v. *Germaine,* 62

Miss., 75. This court has construed the words, "the amount in controversy," to mean the principal of the demand sued for, excluding interest and costs. *Juckson* v. *Whitfield*, 51 Miss., 202.

*Clifton & Eckford*, against the motion.

The real judgment in this case appealed from is that "the landlord recover from T. T. Biddle, and James McConnell, the surety on his replevin bond, two hundred bushels of corn, or its value, sixty dollars." The balance of the judgment entry is but an incident to the main thing here adjudicated, and this incident is put in the alternative. That which measures and fixes the liability of these appellants is the judgment entry for two hundred bushels of corn, or its value, sixty dollars. One of the best tests to apply in determining this question is to ascertain how much money it will take to pay off and extinguish the judgment. *Ward* v. *Scott*, 57 Miss., 827. Apply this test, and the solution is easy. The incident here, the alternative obligation, the limitation upon the judgment, is "to an amount sufficient to pay said thirty-three dollars and costs." We call the court's special attention to the costs. Of course, we know that the item of costs cannot be used or estimated to make the amount over fifty dollars. But we are compelled to pay the entire sixty dollars, provided the costs, added to the thirty-three dollars, amount to so much. The judgment can only be reduced provided the two sums amount to less than sixty dollars. Now, if you cannot add the costs in order to make the amount over fifty dollars, then, on the same principle, you cannot subtract the cost in order to reduce the amount. The certified bill of the costs shows that the two amounts exceed fifty dollars.

WHITFIELD, J., delivered the opinion of the court.

The question for decision on this motion is, what is the test of the jurisdiction of this court, on appeal from a judgment in replevin by the tenant against whom the landlord has dis-

trained—the value of the property fixed by the judgment, or the amount of the debt distrained for as so fixed ? The action for statutory damages by the tenant, when no rent is due, provided by § 2517, code of 1892, is a separate and distinct suit from this replevin suit, the damages in which latter suit are the usual damages in such suits, and are provided for by § 2522. No aid, therefore, can be had on the notion that the $17 statutory damages can be added to the $33 rent due. The replevin, too, was for corn; the damages for alleged illegal sale of cotton seed never replevied. The judgment—the test for us—is on a verdict finding $33 due on rent, and is itself that the landlord, the avowant, recover of the tenant, plaintiff in replevin, and his sureties the corn, or its value, $60, to an amount sufficient to pay the said $33 rent, etc.

It is true the replevin is the only suit, the distress warrant being returnable into no court, being process in the nature of execution, and that when the tenant gives bond " the attachment is discharged, and the proceeding becomes an action of replevin." *Towns* v. *Boarman*, 23 Miss., 186. It is also true that the tenant 'becomes plaintiff, is the " actor " (*Maxey* v. *White*, 53 Miss.), and the landlord the defendant, though, on the issue of rent due the statute puts the burden of proof on him and gives him the opening and close.

But, as pointed out in *Maxey* v. *White* and *Towns* v. *Boarman*, *supra*, this is unlike the ordinary action of replevin. There the value of the property is the test of jurisdiction as to where the suit shall be brought; here (§ 2518, code 1892), an alternative test is provided—the value of the property or the amount distrained for. There not guilty is the only proper plea; here it is an improper plea, the statute making *non cepit*, or that the goods were rightfully seized, etc., the only allowable pleas. Here, the plaintiff having bonded, and the landlord winning, the jury find merely that the rents and supplies were due, and the distress rightfully made; there they find the defendant entitled to the possession of the property or its value,

and, the judgment is that the plaintiff restore to the defendant the property, or pay him its value and damages (§ 3727, code 1892); here, that the landlord recover from the obligors in the replevy bond the property, or its value to an amount sufficient to pay the sum found due for rent or supplies, and if the property be not sufficient, then that execution go against the tenant for the residue.    There the plaintiff in replevin sues for the recovery of the property, where he has some lien to be satisfied, and, if he recovers, the property is awarded to him, to be dealt with according to the terms of the lien, by contract or otherwise.   Here the landlord, who has the lien, does not deal with the property, if recovered, himself, but "it is sold to satisfy the judgment" by the sheriff, and if it does not satisfy it, execution runs for the residue against the tenant.    Indeed, it is expressly declared, in *Towns* v. *Boarman*, 23 Miss., 188, that "in this proceeding the real subject of inquiry is, whether any rent (or supplies now) is due."

The subject is not free from difficulties, but we think the view which best harmonizes with the reason and spirit of the statute providing this peculiar replevin—considering its total unlikeness to the ordinary action of replevin—is that which prescribes, as the test of our jurisdiction on appeal—where the case originated before a justice of the peace—the amount distrained for as fixed by the judgment of the court below (§ 85, code 1892).     The verdict here is for thirty-three dollars rent, and nothing more.    The judgment appealed from is that the landlord recover the corn, or its value, sixty dollars, to an amount sufficient to pay said thirty-three dollars, etc.    This is an ascertainment that the "amount in controversy" (§ 85, code 1892), was thirty-three dollars, and, the case having originated in a justice court,

*The motion is sustained.*