McCABE v. LOONSFOOT.

REPLEVIN—JUDGMENT—APPEAL—CHANGE OF ISSUE.

Defendant in replevin, who obtains a judgment in justice's
court for a return of the property, may, upon the plaintiff's
appeal to the circuit court, if he prevails, waive a return,
and take judgment for the value; there being nothing in such
a course that contravenes the rule that the "issue" must not
be changed on appeal.

Error to Baraga; Haire, J., presiding.    Submitted January 5, 1899.    Decided February 6, 1899.

Replevin by Michael J. McCabe against James Loonsfoot.    From a judgment for defendant, plaintiff brings error.    Affirmed.

*Button & Culver*, for appellant.

*Philip R. McKernan*, for appellee.

MOORE, J.    This is a replevin case commenced in justice's court for one horse, which was delivered to plaintiff. On the return day of the writ, plaintiff filed a written request with the justice to discontinue the case, but did not return the property to defendant. A judgment was entered in favor of defendant for a return of the property and for damages because of its detention.    From that judgment plaintiff appealed the case to the circuit court. Upon the trial in the circuit court, the defendant waived a return of the property, and, against the objection of plaintiff, a judgment for its value was rendered in favor of defendant.    From that judgment the case is brought here by writ of error.

The only question in the case is, Can the defendant, who obtained a judgment in the justice's court for a return of the property, waive its return in the circuit court, and

have judgment for its value ? It is the claim of plaintiff that to allow him to do so is to allow him to change the issue which was tried in the justice's court. This contention cannot be sustained. The issue in a replevin case is, Who is entitled to the possession of the property ? 2 How. Stat. § 8315, and the many cases there cited. On the return day the plaintiff did not appear and prosecute his suit. The defendant did not waive a return of the property. The justice did what the law required him to do under such circumstances; he gave a judgment in favor of the defendant for a return of the property and for damages for its detention. The plaintiff was not content with this judgment, but removed the case to the circuit court by appeal. This gave the circuit court jurisdiction of the cause, the same as though it had been originally commenced there. 2 How. Stat. § 7014. The issue in the circuit court was the same as in the justice's court,—who was entitled to the property when the suit was commenced? That issue having been decided in favor of defendant, he might either have a judgment for the return of the property and damages for its detention (Id. § 8346), or he might elect to waive its return, and take judgment for its value at the time of the commencement of the suit (Id. § 8347; Soper v. Hawkins, 56 Mich. 527).

Judgment is affirmed.

The other Justices concurred.