PATTERSON *v.* SPOONER.

1. REPLEVIN—INSTRUCTIONS—CONFUSION OF GOODS.
   Where defendant in replevin admits that he authorized
   plaintiff to remove his property, and only complains that he
   also took away certain of defendant's material, no instruc-
   tion on confusion of goods is necessary.

2. SAME—PROPERTY WRONGFULLY TAKEN.
   Where there is evidence to support defendant's contention
   that plaintiff unlawfully took certain of defendant's property
   on the writ, defendant, having elected to take judgment for
   its value, is entitled to have his claim submitted to the jury.

Error to Van Buren; Carr, J.   Submitted February 9,
1906.   (Docket No. 126.)   Decided April 30, 1906.

Replevin by Charles E. Patterson against Henry M.
Spooner.   There was judgment for plaintiff, and defend-
ant brings error.   Reversed.

*Barnard & Lewis*, for appellant.

*Wicksall & Cogshall*, for appellee.

BLAIR, J.   This action was commenced in justice's
court by writ of replevin November 15, 1904.   Affidavit
and bond filed on said date and writ issued on said date,
and the usual writ and declaration in replevin was filed in
said cause, claiming damages for $100, or under, for cer-
tain type, leads, metal furniture, etc., and also three
packages of circular letters and an envelope card.   The
defendant pleaded orally the general issue.   No defense
was put in in the justice's court, and a judgment was
rendered in favor of the plaintiff in the sum of $10.24
damages and the sum of $3.80 costs, and against the de-
fendant.   The cause was afterwards duly appealed to the
circuit court for the county of Van Buren.   Plaintiff se-

cured a verdict for six cents damages, and the court ordered that no costs be awarded to either party.

Appellant contends that the court erred in not properly presenting his theory of "confusion of goods," and in finally taking this theory away from the jury. There is no room for such theory under the evidence in the case. Defendant admits that he authorized plaintiff to remove his property. He only complains that he also took away a few dollars' worth of defendant's material.

Defendant requested the court to instruct the jury as follows:

"You are further instructed in this case that defendant claims that plaintiff took certain material belonging to the defendant on the writ of replevin of the value of $10. If you find from the evidence in this case that this is a fact, and that the value of the said property is as claimed by the defendant, then I charge you that you also have a right to bring in a verdict in favor of the defendant for the value of the property so taken, even if you also find that plaintiff is entitled to a judgment, as that is what is known in the law of replevin as a double verdict."

The court gave the substance of this instruction, but after the jury had retired they were called back and instructed to disregard the defendant's claim to judgment for the value of the property which he claimed was unlawfully taken upon the writ. This, we think, was erroneous. There was testimony to support the defendant's contention, and, having by his request elected to take judgment for the value of the property, he was entitled to have his claim submitted to the jury. *McCabe* v. *Loonsfoot*, 119 Mich. 323.

The judgment is reversed, but without costs to either party.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.